J-S21029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON DELANO WILSON | : | |
| | : | |
| Appellant | : | No. 1280 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 30, 2021,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0000554-2021.

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED SEPTEMBER 08, 2022**

Brandon Delano Wilson appeals from his judgment of sentence imposed after he pled guilty to criminal trespass.[1]  Additionally, Wilson's counsel filed a petition to withdraw representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition and affirm the judgment of sentence.

On September 30, 2021, Wilson pled guilty to criminal trespass.  The trial court then sentenced Wilson to 9 to 23 months' incarceration with credit for time served, in accordance with his negotiated plea.  No post-sentence motion was filed.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii).

On October 4, 2021, Wilson timely filed a *pro se* notice of appeal, despite being represented by counsel and without notifying counsel.[2] On October 7, 2021, the trial court issued an order directing Wilson to file a Rule 1925(b) statement but no concise statement was filed at that time.

Subsequently, we remanded this matter for the trial court to determine whether counsel abandoned Wilson and for any other action necessary to preserve Wilson's appeal. Following a hearing on January 13, 2022, the trial court determined that counsel did not willfully abandon Wilson and granted counsel 21 days within which to file a Rule 1925(b) statement. Notably, this order was not filed until January 27, 2022. In response, Wilson filed a *pro se* Rule 1925(b) statement on February 8, 2022, again without notifying his attorney.

Current counsel was assigned on March 2, 2022.

Unable to locate or contact Wilson and after review of Wilson's case, counsel filed a petition to withdraw from representation and an ***Anders*** brief with this Court. Wilson did not retain independent counsel or file a *pro se* response to the ***Anders*** brief.

---

[2] Generally, hybrid representation is not permitted in this Commonwealth; thus, this Court will not accept *pro se* filings while an appellant is still represented by counsel. ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016). Nevertheless, the filing of a *pro se* notice of appeal while represented by counsel is distinguishable from other filings because a notice of appeal protects a constitutional right. ***Id.*** at 624. Accordingly, a *pro se* notice of appeal received from the trial court shall be docketed, even in instances where the pro se appellant was represented by counsel. ***Id.***

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he reviewed the record and concluded that Wilson's appeal is frivolous. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Wilson stating counsel's intention to seek permission to withdraw and advising Wilson of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Wilson's appeal is wholly frivolous.

In the *Anders* brief, counsel sets forth one issue that Wilson arguably could raise:

> Did the [] court improperly accept an involuntary and unknowing guilty plea on [] Wilson's part?

*Anders* Brief at 5. Additionally, we observe, from Wilson's *pro se* filings, that he may have wished to challenge the legality of his sentence.

Wilson first claims that his plea was not entered knowingly and voluntarily, and therefore is not valid. ***Anders*** Brief at 10.

"Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed[.]" ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018). Additionally, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720). Failure to do so results in waiver. ***Id.***

Here, Wilson did not preserve his challenge to the validity of his guilty plea. He did not object to it during his plea or file a timely motion to withdraw his guilty plea afterwards. Accordingly, he has waived any challenge to the validity of his plea. ***See id.*** Furthermore, "[a]n issue that is waived is frivolous." ***Commonwealth v. Tukhi***, 149 A.3d 881, 888–89 (Pa. Super. 2016); ***see also Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous."). This issue is frivolous.

Wilson next claims that his sentence was "illegal" and asks that his sentence be modified to a term of 9 to 16 months of incarceration. ***See*** Wilson's *Pro Se* Notice of Appeal and Concise Statement.

Questions regarding the legality of a sentence are not waivable. **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*); **see also Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction"). Also, "a criminal defendant cannot agree to an illegal sentence…." **Commonwealth v. Gentry**, 101 A.3d 813, 819 (Pa. Super. 2014).

Initially, we observe that Wilson articulates no rational argument to support his claim that his sentence is illegal. Nevertheless, our own review indicates that the trial court did not impose an illegal sentence. The maximum sentence for criminal trespass, a second-degree felony, is 10 years in prison. **See** 42 Pa.C.S.A. § 9754; **see also** 18 Pa.C.S.A. § 1103(2) (authorizing a maximum sentence of 10 years in prison for a second-degree felony). Here, Wilson's sentence was 9 to 23 months' incarceration, well below the statutory limit. This issue is also frivolous. [3]

_____

[3] Although Wilson does not specifically state that he is challenging the discretionary aspects of his sentence, even if he did this issue would be waived since he did not raise it with the trial court to properly preserve it. Notwithstanding this, we further note that the offense gravity score for criminal trespass is 4, and Wilson's prior record score was 5. Thus, the Sentencing Guidelines recommend a standard-range sentence of 9 to 16 months' incarceration. **See** 204 Pa.Code § 303.116(a). The trial court sentenced Wilson at the bottom of the standard range. Because the trial court sentenced him at the bottom of the standard range, it did not abuse its discretion in imposing Wilson's sentence.

For the foregoing reasons, we conclude that Wilson's issues are wholly frivolous. Furthermore, as required by **Anders**, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record discloses no other non-frivolous issues that Wilson could raise that counsel overlooked. **See Dempster**, **supra**.

Having concluded that there are no non-frivolous issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2022